UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION,<br><br>                      Plaintiff,<br><br>      v.<br><br>ACCREDITED HOME LENDERS HOLDING COMPANY, ACCREDITED HOME LENDERS, INC., and ACCREDITED MORTGAGE LOAN REIT TRUST,<br><br>                      Defendants. | Case No. 1:07-cv-01357-EGS |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In its Notice of Supplemental Authority, Plaintiffs mischaracterizes the holding in *Graoch Assocs. #33, L.P. v. Louisville/Jefferson Cty. Metro Human Rels. Comm'n*, No. 06-5561, 2007 WL 4124253 (6th Cir. Nov. 21, 2007). Nothing in *Graoch Associates* suggests that the Sixth Circuit reached its disparate impact decision with a "full appreciation" of *Smith v. City of Jackson*, 544 U.S. 228 (2005), as Plaintiff claims.

A review of *Graoch Associates* and the parties' filings in that case reveals three facts that show the *Graoch Associates* court was not aware of *Smith*'s impact on the Fair Housing Act ("FHA") or any of the arguments Defendants make in this case. First, *Smith* is not cited anywhere in the lead opinion—it is cited only in Judge Moore's concurrence/dissent. *See Graoch Assocs.*, 2007 WL 4124253, at *22 (Moore, J., concurring in part and dissenting in part). Second, *Smith* is cited by Judge Moore only for the proposition that "the Supreme Court has not

shied away from allowing innovative disparate-impact claims even though newly-recognized causes of action may potentially impose costs on businesses." *Id.* There is no discussion or analysis whatsoever of *Smith*'s impact on the FHA. Third, Defendants' counsel has reviewed the briefs filed by the parties in *Graoch Associates* and discovered that none of the parties even cited *Smith* in their briefs, much less raised any arguments regarding its impact on the FHA. Given these facts, it is surprising that Plaintiff would suggest that the court's holding in *Graoch Associates* was made in "full appreciation" of *Smith*'s impact on the FHA.

Contrary to Plaintiff's mischaracterization, it appears that the *Graoch Associates* court—like every other circuit court to address the issue post-*Smith*—was not made aware in any way that the Supreme Court's analysis in *Smith* shows that the FHA does not permit disparate impact claims. The arguments Defendants raise in their Motion to Dismiss simply were not before the *Graoch Associates* court—or, indeed, before any of the circuit courts that have addressed the issue post-*Smith*. Instead, *Graoch Associates* relies on previous precedent—precedent Defendants have shown is no longer viable post-*Smith*. *See id.* at *2; Mem. of Law in Support of Defs.' Mot. to Dismiss at 33-38.

Date: December 11, 2007

Respectfully submitted,

/s/
Matthew P. Previn

Matthew P. Previn (DC Bar No. 460228)
Kirk D. Jensen (DC Bar No. 477629)
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC 20037
202-349-8000 (telephone)
202-349-8080 (fax)

*Attorneys for Defendants*

2

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 11, 2007, a copy of the above and foregoing was electronically filed in this case and was duly served upon counsel of record by operation of the Court's ECF system

/s/
Matthew P. Previn