UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, <br><br> Plaintiff, <br><br> v. <br><br> ACCREDITED HOME LENDERS HOLDING COMPANY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:07-cv-01357-EGS |

**PLAINTIFF NATIONAL COMMUNITY REINVESTMENT COALITION'S NOTICE OF SUPPLEMENTAL AUTHORITY IN <u>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

In Plaintiff National Community Reinvestment Coalition's Memorandum Of Points And Authorities In Opposition To Defendants' Motion To Dismiss (Nov. 16, 2007) (Docket No. 15) ("Mem."), Plaintiff noted that one of the issues pending in this action was also pending before Judge Lamberth in *NCRC v. NovaStar Financial, Inc.*, No. 1:07-cv-00861 (D.D.C.). *See* Mem. at 20 n.7. The issue concerns the application of 42 U.S.C. § 3604 of the Fair Housing Act to mortgage lending. Judge Lamberth recently ruled on the issue, holding that section 3604 does apply to mortgage lending. That is the position advanced by Plaintiff herein. A copy of Judge Lamberth's Memorandum and Order is attached (*See* Attachment A).

   The motion in which this issue arises in this case is scheduled for oral argument on April 30, 2008.

                   Respectfully submitted,

                    /s/ Glenn Schlactus
                   John P. Relman (Bar No. 405500)
                   Bradley H. Blower (Bar No. 421112)
                   Glenn Schlactus (Bar No. 475950)
                   RELMAN & DANE, PLLC
                   1225 19th Street NW, Suite 600
                   Washington, DC 20036
                   (202) 728-1888

                   *Attorneys for Plaintiff*

April 10, 2008

# ATTACHMENT

# A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL COMMUNITY, REINVESTMENT COALITION | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-0861 (RCL) |
| NOVASTAR FINANCIAL, INC. and NOVASTAR MORTGAGE, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

Presently before the Court is defendants' Motion [3] to Dismiss plaintiff's claims under 42 U.S.C. § 3604 from the complaint. Upon consideration of the motion [3], the opposition and reply thereto, the applicable law and the record herein, the Court finds that defendants' motion [3] should be DENIED.

**I.  BACKGROUND**

Plaintiff National Community Reinvestment Coalition brings this action under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, as amended ("FHA"), against NovaStar Mortgage, Inc., and its parent company, NovaStar Financial, Inc. (collectively, "defendants"). Plaintiff alleges that defendants' policies against making loans secured by homes on Indian reservations, homes used for adult foster care, and row houses in Baltimore City violate the fair housing laws because these policies intentionally discriminate and have an unnecessary and unjustified disproportionate adverse impact. (*See* Compl. ¶¶ 3–8.) Specifically, plaintiff alleges that defendants' policies violate 42 U.S.C. §§ 3604(a), (b), (c), and (f) and 3605 of the Fair Housing Act. (*See* Compl. ¶

37.)

Defendants have moved to dismiss plaintiff's causes of action under § 3604 for failure to state a cognizable claim. Defendants assert that § 3604 deals with discrimination in the sale and rental of residential housing and therefore does not govern discrimination in the making or purchasing of mortgage loans. (*See* Defs.' Mem. Supp. Mot. to Dismiss 1.) According to defendants, § 3605 is the only vehicle for discrimination claims involving the financing of residential housing. (*See id.*)

## II. ANALYSIS

**A.  Legal Standard**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior standard which required appearance, beyond a doubt, that plaintiff can prove no set of facts in support of his claim that would entitle him to relief). This Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276.

**B.  Section 3604**

The sole question before the Court on this motion to dismiss is whether § 3604 applies to

2

mortgage financing. That section provides in relevant part that "it shall be unlawful . . . [t]o refuse to sell or rent . . . *or otherwise make unavailable or deny*, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a) (emphasis added). Section 3604 further prohibits discrimination "in the provision of services or facilities in connection" with the sale or rental of a dwelling. 42 U.S.C. § 3604(b). Section 3605 of the FHA prohibits discrimination against any person in making available real estate-related transactions which include the making or purchasing of loans. 42 U.S.C. § 3605 (a)-(b).

Defendants argue that since § 3605 specifically deals with discrimination in the making or purchasing of loans, this Court's adoption of an interpretation of § 3604 which encompasses financing would render § 3605 superfluous. Defendants urge this Court to adopt the interpretation that § 3604 applies exclusively to discrimination in the sale or rental of housing, while § 3605 deals with discrimination in mortgage financing. Such an interpretation, however, ignores the broad language in § 3604 which goes beyond mere refusal to sell or rent by also banning practices that "*otherwise make unavailable or deny*" housing. As previously stated by this Court, "the broad, general language reflected in phrases such as 'otherwise make unavailable or deny' was intended to be flexible enough to cover multiple types of housing-related transactions." *Nat'l Fair Housing Alliance, Inc. v. Prudential Insurance Co. of America*, 208 F. Supp. 2d 46, 56 (D.D.C. 2002) (Sullivan, J.). Indeed, a less restrictive interpretation of § 3604 is consistent with the broad purpose of the FHA which is to "promote integrated housing patterns and to discourage discrimination in access to housing." *Id*. at 57 (citing *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 211-12 (1972).

Moreover, defendants' suggested interpretation of § 3604 is entirely inconsistent with

3

precedent from this Circuit. In *Clifton Terrace Associates, Ltd. v. United Technologies Corp.*, the D.C. Circuit in dicta listed "mortgage financing" as an "essential service" within the coverage of § 3604(a). 929 F.2d 714, 719-20 (D.C. Cir. 1991). As explained by Judge Buckley, "the denial of certain essential services related to a dwelling, such as mortgage financing, . . . might result in the denial of housing." *Id*. Here, plaintiffs have persuasively argued that a policy of refusing to lend to whole categories of would-be borrowers makes housing "unavailable" to those borrowers and "den[ies]" them dwellings. (Pl.'s Opp'n 11.) In other instances when this Court has considered the reach of § 3604, this Court has consistently held that § 3604 extends beyond mere refusal to sell or rent. Most recently in *Hargraves v. Captial City Mortgage Corp.*, this Court ruled that predatory lending practices violate §§ 3604(a) and (b) because those practices make housing unavailable by putting borrowers at risk of losing their property. 140 F. Supp. 2d 7, 20 (D.D.C. 2000) (Green, J.); *see also Nat'l Fair Housing Alliance,* 208 F. Supp. 2d at 57 (finding that § 3604 applies to insurance redlining); *Wai v. Allstate Ins. Co.*, 75 F. Supp. 2d 1, 7 (D.D.C. 1999) (Kennedy, J.) (same); *Jones v. Office of the Comptroller of the Currency*, 983 F. Supp. 197, 202 (D.D.C. 1997) (Friedman, J.) (acknowledging that § 3604 applies to "actor[s] directly involved in providing housing or providing services, like homeowner's insurance *or financing*, that are directly connected to helping people acquire housing") (emphasis added).

Other courts that have considered the issue have expressly held that § 3604 applies to mortgage lending. *See Laufman v. Oakley Bldg. & Loan Co.*, 408 F. Supp. 489 (S.D. Ohio 1976) (holding that the discriminatory refusal to make loans violates § 3604(a)); *Beard v. Worldwide Mortgage Corp.*, 354 F. Supp. 2d 789, 808-09 (W.D. Tenn. 2005) (construing the language in § 3604(b) to encompass home improvement loans and refinancing loans because the burden of

4

the debt affects the ability to buy or sell a dwelling); *but see Webster Bank v. Oakley*, 830 A.2d 139 (Conn. 2003) (finding that the application of § 3604 to discriminatory financing is precluded by the existence of § 3605).

In the insurance coverage context, this Court has recognized that since mortgage companies will not lend to borrowers who lack homeowner's insurance, the denial of insurance renders housing unavailable. *See Wai*, 75 F. Supp. 2d at 6 (citing *United States v. Massachusetts Indus. Fin. Agency*, 910 F. Supp. 21, 27 (D. Mass. 1996) ("Few if any, banks make home loans to uninsured borrowers. Thus, property insurers in effect have the power to make housing unavailable to potential buyers."); *McDiarmid v. Economy Fire & Cas. Co.*, 604 F. Supp. 105, 107 (S.D. Ohio 1984) ("It is elementary that without insurance, mortgage financing will be unavailable, because a mortgage lender simply will not lend money on the property.")); *but see Mackey v. Nationwide Ins. Cos.*, 724 F.2d 419 (4th Cir. 1984) (holding that the discriminatory denial of insurance is not prohibited by § 3604(a)). Certainly, if the refusal to provide insurance coverage violates § 3604 because of the consequential inability to secure a loan, then a mortgage lender's refusal to issue loans based on discriminatory purposes clearly violates the same provision.

### III. CONCLUSION & ORDER

Given the broad purpose of the FHA, the broad language of the statute, and the precedent in the Circuit, this Court finds that 42 U.S.C. § 3604 applies to discrimination in the availability of mortgage financing. Defendants' motion to dismiss plaintiff's claims brought under § 3604 will therefore be denied.

For the foregoing reasons, it is hereby

ORDERED that defendant's Motion [3] to Dismiss plaintiff's claims under § 3604 be and is hereby DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, March 31, 2008