UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION,<br><br>               Plaintiff,<br><br>     v.<br><br>ACCREDITED HOME LENDERS HOLDING COMPANY, ACCREDITED HOME LENDERS, INC., and ACCREDITED MORTGAGE LOAN REIT TRUST,<br><br>               Defendants. | Case No. 1:07-cv-01357-EGS |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 10, 2008, Plaintiff National Community Reinvestment Coalition ("NCRC") filed a notice of supplemental authority addressing Judge Lambreth's Memorandum and Order in *National Community Reinvestment Coalition v. Novastar Financial, Inc.*, Civil Action No. 07-0861 (RCL) (D.D.C. Mar. 31, 2008). In this Memorandum and Order, Judge Lamberth holds that both Sections 3604 and 3605 of the Fair Housing Act ("FHA") apply to mortgage lending. However, Judge Lamberth did not address—and neither NCRC (the plaintiff both in the *Novastar* case as well as the case before this Court) nor Novastar discusses in their papers filed before Judge Lamberth— the two key reasons why only Section 3605—and not Section 3604—applies to mortgage

lending. Because Judge Lamberth did not have the benefit of a briefing of these issues, his Memorandum and Order should not be persuasive in this case.

First, neither Judge Lamberth's Order nor the parties in the *Novastar* case address the meaning of Sections 3604 and 3605 as originally enacted. As Accredited has shown in its Motion to Dismiss papers, when the FHA was first enacted, Section 3605 applied *only* to mortgage lending while the relevant language of Section 3604 has remained unchanged. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Mem.") at 20-21. As originally enacted, any interpretation of Section 3604 that applied it to mortgage lending would have rendered Section 3605 entirely superfluous—and, therefore, such an interpretation was and is impermissible. *See* Mem. at 20 (citing cases). While the language of Section 3605 has changed, the relevant language—and, therefore, the meaning—of Section 3604 has not. Because Section 3604 could not have been interpreted as applying to mortgage lending when that section was first enacted, it cannot be so interpreted now.

Second, neither Judge Lamberth's Order nor the parties in the *Novastar* case address Congress's understanding of Section 3604 as reflected in the Equal Credit Opportunity Act ("ECOA"). As Accredited has shown in its Motion to Dismiss papers, ECOA's dual recovery prohibition, 15 U.S.C. § 1691e(i), shows that Congress understood only Section 3605—and not Section 3604—to apply to mortgage lending. *See* Mem. at 23-24; Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss at 9-10. Any interpretation that Section 3604 applies to mortgage lending would lead to an absurd result under ECOA: If a person brings a mortgage lending-related claim under both the ECOA and Section 3605 of the FHA—the section of the FHA that

2

expressly applies to mortgage lending—the person could only recover under one of the statutes. However, if a person brings a mortgage lending-related claim under both the ECOA and Section 3604 of the FHA—a section that contains no express language addressing mortgage lending—the person could recover under both statutes. Such an absurd result could not have been intended by Congress, and weighs heavily against interpreting Section 3604 of the FHA as applying to mortgage lending. *See* Mem. at 24 (citing cases).

These two factors show that Congress intended only FHA Section 3605—and not Section 3604—to apply to mortgage lending. Because Judge Lamberth did not have the benefit of a briefing on these two key issues, his Memorandum and Order fails to address these key factors and is, therefore, unpersuasive.

Respectfully submitted,

Date: May 8, 2008

/s/
Matthew P. Previn

Matthew P. Previn (DC Bar No. 460228)
Kirk D. Jensen (DC Bar No. 477629)
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC 20037
202-349-8000 (telephone)
202-349-8080 (fax)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 8, 2008, a copy of the above and foregoing was electronically filed in this case and was duly served upon counsel of record by operation of the Court's ECF system

                                                    /s/
                                      Matthew P. Previn