UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL COMMUNITY
REINVESTMENT COALITION,

                        Plaintiff,

        v.

ACCREDITED HOME LENDERS
HOLDING COMPANY, ACCREDITED
HOME LENDERS, INC., and
ACCREDITED MORTGAGE LOAN REIT
TRUST,

                        Defendants.

Case No. 1:07-cv-01357-EGS

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 22, 2008, Plaintiff National Community Reinvestment Coalition ("NCRC") filed a notice of supplemental authority addressing Judge Phillips' opinion in *Garcia v. Country Wide Financial Corp.*, No. EDCV 07-1161-VAP (JCRx) (C.D. Cal. Jan. 17, 2008) and Judge Darrah's opinion in *Zamudio v. HSBC North America Holdings, Inc.*, No. 07 C 4315, 2008 WL 517138 (N.D. Ill. Feb. 20, 2008). Judges Phillips and Darrah each held that the Fair Housing Act ("FHA") and the Equal Credit Opportunity Act ("ECOA") permit disparate impact claims. These holdings are squarely at odds with the United States Supreme Court's holding in *Smith v. City of Jackson*, 544 U.S. 228 (2005) and, therefore, are wrongly decided and unpersuasive.

### *Garcia v. Country Wide Financial Corp.*

*Garcia* is wrongly decided because it misinterprets the Supreme Court's textual analysis in *Smith*. In *Garcia*, Judge Phillips reasoned that *Smith* "did not hold that a statute *must* contain this 'effects' language in order to authorize disparate impact claims." *See Garcia*, slip op. at 9. This is not only an incorrect reading of the *Smith* court's textual analysis,[1] but it also fails to address the fact that the *Smith* court **unanimously** held that the "discriminate against . . . because of" formulation **cannot** support disparate impact claims. *See Smith* at 236-38; *id.* at 243 (Scalia, J., concurring); *id.* at 249 (O'Connor, J., dissenting).[2] The FHA contains only the "discriminate against . . . because of" formulation. *See* Mem. at 7-10. The ECOA contains only the similar "discriminate against . . . on the basis of" formulation. *See id.* Thus, the language of the FHA and ECOA is the same as the language that the *Smith* court unanimously held cannot support disparate impact claims.

*Garcia* is also wrongly decided because it elevates the statutes' purposes over their plain language. *See Garcia*, slip op. at 9-10. The Supreme Court has clarified that where, as here, the language of the statute is plain, the analysis begins *and ends* with the statutory text. *See, e.g.*, *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001); *MCI Telecomms. Corp. v. American Tel. & Tel. Co.*, 512 U.S. 218, 230-32 (1994). Indeed, *Smith* reaffirms the primacy of the statutory text in determining whether statutes permit disparate impact claims. *See* Mem. at 6-10. Even if the purpose of the statutes could

---

[1] *See, e.g.*, *Garcia v. Johanns*, 444 F.3d 625, 633 n.9 (D.C. Cir. 2006) ("The Supreme Court has held that this ['otherwise adversely affect'] language gives rise to a cause of action for disparate impact discrimination under Title VII and the ADEA.").

[2] Accredited discusses the textual aspect of the *Smith* holding in its Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Mem."). *See* Mem. at 6-10.

permissibly change the meaning of the statutes' plain language, Accredited has shown that neither the FHA nor ECOA was intended to permit disparate impact claims. *See* Reply in Support of Defendants' Motion to Dismiss ("Defs.' Reply"), at 11-12. Indeed, the United States Solicitor General has shown that Congress did not intend the FHA to permit disparate impact claims. *See* Brief of United States as Amicus Curiae, *Town of Huntington v. Huntington Branch, NAACP*, No. 87-1961 (U.S. filed June 1988), *available at* http://www.usdoj.gov/osg/briefs/1987/sg870004.txt.

Furthermore, *Garcia* is wrongly decided because it relies on two post-*Smith* cases that do not address *Smith* in any way. Judge Phillips cites a Ninth Circuit case and a Sixth Circuit case for the proposition that these courts have recognized the vitality of disparate impact claims under the FHA and ECOA after *Smith*. *See Garcia*, slip op. at 10-11. Contrary to Judge Phillips' opinion, it appears that these courts—like nearly every other circuit court to address the issue post-*Smith*—were unaware of *Smith* and its significance for disparate impact jurisprudence. Indeed, neither court cites *Smith* nor suggests in any way that the court was aware of *Smith*'s significance to disparate impact claims under the FHA and ECOA. The arguments Accredited raises in its Motion to Dismiss simply were not before either the Ninth Circuit or the Sixth Circuit. As a result, neither the Ninth Circuit nor Sixth Circuit decisions are controlling or persuasive. *See, e.g.*, *Outlaw v. Airtech Air Conditioning and Heating, Inc.*, 412 F.3d 156, 160 (D.C. Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985).

Indeed, the only circuit court to have addressed the impact of *Smith* on the viability of disparate impact claims under either the FHA or ECOA— the D.C. Circuit—

has suggested that disparate impact claims are no longer viable. *See Garcia v. Johanns*, 444 F.3d 625, 633 n.9 (D.C. Cir. 2006) ("Both Title VII and the Age Discrimination in Employment Act (ADEA) prohibit actions that 'otherwise adversely affect' a protected individual. The Supreme Court has held that this language gives rise to a cause of action for disparate impact discrimination under Title VII and the ADEA. ECOA contains no such language.").

For these reasons, among others, Judge Phillips' opinion in *Garcia* is directly at odds with the United States Supreme Court's opinion in *Smith* and, therefore, is not persuasive.

### *Zamudio v. HSBC North America Holdings, Inc.*

Similarly, Judge Darrah's opinion in *Zamudio* is fundamentally inconsistent with the Supreme Court's opinion in *Smith* and, therefore, is not persuasive. With very little analysis, Judge Darrah concluded that "the *Smith* decision does not reach so far as to prohibit disparate-impact claims under other statutes that do not contain this same ["effects"] language . . . ." *Zamudio*, 2008 WL 517138, at *2. This is not only an incorrect reading of the *Smith* court's textual analysis,[3] but it also fails to address the fact that the *Smith* court **unanimously** held that the "discriminate against . . . because of" formulation **cannot** support disparate impact claims. *See Smith* at 236-38; *id.* at 243 (Scalia, J., concurring); *id.* at 249 (O'Connor, J., dissenting). The FHA contains only the "discriminate against . . . because of" formulation. *See* Mem. at 7-10. The ECOA contains only the similar "discriminate against . . . on the basis of" formulation. *See id.* Thus, the language of the FHA and ECOA is the same as the language that the *Smith* court unanimously held cannot support disparate impact claims.

---

[3] *See, e.g.*, *Garcia*, 444 F.3d at 633 n.9.

Because both *Garcia* and *Zamudio* are squarely at odds with the Supreme Court's opinion in *Smith*, both are wrongly decided and unpersuasive.

Respectfully submitted,

Date: May 8, 2008

/s/
Matthew P. Previn

Matthew P. Previn (DC Bar No. 460228)
Kirk D. Jensen (DC Bar No. 477629)
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC 20037
202-349-8000 (telephone)
202-349-8080 (fax)

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 8, 2008, a copy of the above and foregoing was electronically filed in this case and was duly served upon counsel of record by operation of the Court's ECF system

      /s/
Matthew P. Previn