**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, </br>       Plaintiff, </br> v. </br> ACCREDITED HOME LENDERS HOLDING COMPANY, *et al.*, </br>       Defendants. | Civil Action No. 07-1357(EGS) |

**MEMORANDUM OPINION**

In an August 28, 2008 Memorandum Opinion, the Court rejected defendants' claim that "disparate impact claims are not cognizable under the Fair Housing Act ["FHA," 42 U.S.C. § 3601 *et seq*]." *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*, 573 F. Supp. 2d 70, 77-78 (D.D.C. 2008).[1]  Rather, the Court found that *Smith v. City of Jackson*, 544 U.S. 228 (2005), "does not preclude disparate impact claims pursuant to the FHA." *Nat'l Cmty.*, 575 F. Supp. 2d at 79.  The defendants asks the Court to certify this issue for interlocutory appeal.

In granting a request for an interlocutory appeal, a district court must certify that the order involves "a controlling question of law as to which there is substantial

---

[1] For a short and succinct discussion of the background of this case, *see Nat'l Cmty.*, 575 F. Supp. 2d at 73.

1

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986).  "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting *United States v. Nixon*, 418 U.S. 683, 690 (1974)).  "'Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed . . . the movant bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'"  *Id*. (quoting *Virtual Def. & Dev. Int'l, Inc. v. Republic of Mold.*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001)).

In an attempt to demonstrate that the there is a substantial ground for difference of opinion, defendants argue that the D.C. Circuit's opinion in *Garcia v. Johanns*, 444 F.3d 625 (D.C. Cir. 2006), "reached a conclusion different from that reached by this Court," Defs'. Mot. for Interlocutory Appeal at 5-6.  Defendants, however, misread *Garcia*.  In *Garcia*, which dealt with a similarly worded provision of the Equal Credit Opportunity Act ("ECOA"), 15

2

U.S.C. § 1691 *et seq.*, the D.C. Circuit specifically said, "[w]e express no opinion about whether a disparate impact claim can be pursued under ECOA," *Garcia*, 444 F.3d at 633 n.9.  This language demonstrates that contrary to defendants' representations, the D.C. Circuit has not signaled that disparate impact claims under ECOA or the FHA are not cognizable.[2]

Likewise, defendants have not demonstrated that there is a split within this district on this issue.  Defendants argue that *Brown v. Artery Organization, Inc.*, 654 F. Supp. 1106 (D.D.C. 1987), demonstrates a split on the D.C. District Court.  This Court explicitly rejected that claim in *National Fair Housing Alliance, Inc. v. Prudential Insurance Co.*, 208 F. Supp. 2d. 46, 59 (D.D.C. 2002).  *See id.* ("*Brown* did not hold, as defendants contend, that disparate impact claims were never available under the FHA.  Rather, *Brown* recognized that where there is evidence of discriminatory effect, courts have required plaintiffs to demonstrate varying degrees of discriminatory intent.").

The Court finds that defendants have failed to meet the high standard required for interlocutory appeal.  This Court considered defendants' arguments in its Motion to Dismiss and rejected them.  "Mere disagreement, even if vehement, with a

---

[2]  Moreover, as this Court noted in its denial of defendants' Motion to Dismiss, "all eleven of the United States Circuit Courts of Appeal to consider the issue have found that the FHA does provide for a disparate impact cause of action." *Nat'l Cmty.*, 573 F. Supp. 2d. at 78.

court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." *Judicial Watch*, 233 F. Supp. 2d at 20 (internal citations and quotation marks omitted). Defendants have simply reiterated their position that disparate impact claims are not cognizable under the FHA, and their Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is therefore **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**February 19, 2009**